**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY - 4 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

William McKenna,                )
                                )
         Petitioner,            )
                                )
    v.                          )        Civil Action No.  09 0806
                                )
Joan Clark, Director, U.S. Marshals   )
Service,                        )
                                )
         Respondent.            )

## MEMORANDUM OPINION

Petitioner, William McKenna, a prisoner serving sentence pursuant to a state conviction

in Florida, has filed an application to proceed without pre-payment of fees and a petition for

*mandamus* under 28 U.S.C. § 1361.  The application to proceed *in forma pauperis* will be

granted and the petition will be dismissed because it does not state a claim upon which

*mandamus* relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Background

On January 8, 2004, a United States Probation Officer filed a petition alleging that

McKenna had violated his term of supervised release by committing new offenses, offenses

which McKenna admitted committing.  Compl. at 2 & Ex. A.  On the basis of that petition, the

United States District Court for the Middle District of Florida issued a violator arrest warrant for

McKenna.  *Id.*, Exs. B & C.  The violator warrant has been lodged as a detainer against

McKenna's release from state custody, but has not yet been executed by service on him.

McKenna's petition for a writ of *mandamus* seeks an order compelling the Director of the United

3

States Marshals Service[1] to execute the violator warrant by serving it on him, and arguing that the respondent has a statutory and common law duty to execute the warrant "forthwith," *id.* at 4, and characterizing his claim as "constitutional," *id. at 6.*

## Discussion

### I.    *Applicability of 28 U.S.C. § 1915(b)*

The Prison Litigation Reform Act ("PLRA") limited a prisoner's ability to proceed without paying the court filing fee in appeals and "civil actions" — a term not defined in the statute — and imposed certain requirements for proceeding without paying the full filing fee in advance. *See* 28 U.S.C. § 1915(b). Petitioner, a prisoner, contends that his petition for *mandamus* is not a civil action within the meaning of § 1915(b), and not subject to its requirements. The United States Court of Appeals for the District of Columbia Circuit has not squarely addressed whether, or when, a petition for *mandamus* under § 1361 is subject to § 1915(b)'s requirements. However, it made such a determination with respect to a petition for a writ of prohibition, "hold[ing] that because [the] petition includes compensatory and punitive damages claims under the Privacy Act . . . that are civil in nature, . . . the fee requirements of the PLRA apply." *In re Smith,* 114 F.3d 1247, 1250 (D.C. Cir. 1997). In so ruling, the court adopted the rationale used by other circuits in determining when a petition for *mandamus* is subject to the provisions of § 1915(b). *Id.* (citing *Madden v. Myers,* 102 F.3d 74 (3d Cir. 1996); *Martin v. United States,* 96 F.3d 853 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996); and *In re Nagy,* 89 F.3d 115 (2d Cir. 1996)). The predominant view reflected in those cases is

---

[1] The petition mistakenly identifies the Director of the United States Marshals Service as Joan Clark, but it is really John Clark.

that a petition for a writ of *mandamus* is not a stand-alone action, but a procedural step in aid of an underlying litigation akin to an interlocutory appeal or a contempt proceeding against a witness. *Martin,* 96 F.3d at 854. Therefore, "where the underlying litigation is criminal, or otherwise of the type that Congress did not intend to curtail, the petition for *mandamus* need not comply with the PLRA." *Madden,* 102 F.3d at 77. *See also, In re Smith,* 114 F.3d at 1250 (discussing *Martin,* 96 F.3d 853, and noting that every circuit to address the question had decided that petitions for *habeas corpus* were not civil actions for purposes of the PLRA filing fee requirements).

Applying the rationale used in the decisions relied on in the *Smith* decision, and aided by two other logically consistent decisions by circuit courts of appeal, *In re Stone,* 118 F.3d 1032 (5th Cir. 1997) and *In re Tyler,* 110 F.3d 528 (8th Cir. 1997), this court determines that because the petition in this case was filed in aid of underlying criminal litigation, the PLRA filing fee does not apply. Accordingly, the application to proceed *in forma pauperis* will be granted without requiring the prisoner to comply with the requirements of § 1915(b).

II.     *Action for Mandamus*

The remedy of *mandamus* "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.,* 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that *mandamus* is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). *Mandamus* is available only if "(1) the

3

plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no

other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation,* 414

F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)).

With respect to the first two requirements, *mandamus* is available "only where the duty to be

performed is ministerial and the obligation to act peremptory and clearly defined. The law must

not only authorize the demanded action, but require it; the duty must be clear and indisputable."

*Lozada Colon v. U.S. Dep't of State,* 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks

and citation omitted).

    The petition does not, and on these facts cannot, establish either that petitioner has a clear

right to the relief requested or that the respondent has a clear duty to perform a ministerial,

clearly defined, and peremptory act. Petitioner's argument ignores the federal regulation that

authorizes a violator warrant to be lodged as a detainer in exactly the circumstances that pertain

here. That is, where a prisoner is serving a new sentence in a state or local institution, a violation

warrant may be placed against him as a detainer, and after the regional commissioner for the

United States Parole Commission makes a dispositional record review of the violator warrant,

the regional commissioner may decide to let the detainer stand and consider it again at a later

date. *See* 28 C.F.R. § 2.47(a)(2), (c)(3). In addition, the Supreme Court has found no

constitutional fault with the practice of lodging an unexecuted violator warrant for possible later

service where the prisoner was serving a sentence for a new offense. *See Moody v. Daggett,* 429

U.S. 78 (1976). Where, as here, the prisoner's present confinement was based on his conviction

for a new offense and not the outstanding parole violator warrant, issuance of the parole violator

warrant and lodging the detainer did no more than express an intention by the parole authority to

4

defer consideration of revocation to a later time. *See id.* at 86-87.  In *Moody,* the Court

concluded that

> even after completion of the . . . sentences [for the new offense] the Commission
> retains full discretion to dismiss the [violator] warrant or decide, after hearing,
> that petitioner's parole need not be revoked.  If revocation is chosen, the
> Commission has power to grant, retroactively, the equivalent of concurrent
> sentences and to provide for unconditional or conditional release upon completion
> of the subsequent sentence. . . .  Thus, deferral of the revocation decision does not
> deprive petitioner of any such opportunity; nothing in the statute or regulations
> gives him any "right" to force the decision of the Commission at this time.

*Id.* at 87-88 (citations omitted).  The Court added that

> there is a practical aspect to consider, for in cases such as this, in which the
> parolee admits or has been convicted of an offense plainly constituting a parole
> violation, the only remaining inquiry is whether continued release is justified
> notwithstanding the violation.  This is uniquely a "prediction as to the ability of
> the individual to live in society without committing antisocial acts." *Morrissey
> [v. Brewer,* 408 U.S. 471,] 480 [1972] . . . . In making this prophecy, a parolee's
> institutional record can be perhaps one of the most significant factors.  Forcing
> decision immediately after imprisonment would not only deprive the parole
> authority of this vital information, but since the other most salient factor would be
> the parolee's recent convictions, . . . a decision to revoke parole would often be
> foreordained.  Given the predictive nature of the hearing, it is appropriate that
> such hearing be held at the time at which prediction is both most relevant and
> most accurate at the expiration of the parolee's intervening sentence.

*Id.* at 89.

    In the face of the lawful authorization of the precise practice of which petitioner

complains, petitioner cannot establish either that he has a clear right to the relief he requests or

that the respondent has a clear duty to execute the violator warrant by serving him now as

opposed to later.  Accordingly, the petition for a writ of *mandamus* will be dismissed for failure

to state a claim upon which relief may be granted against this respondent.  28 U.S.C.

§ 1915(e)(2)(B)(ii).

5

A separate order accompanies this memorandum opinion.

Date: _April 23, 2009_

_____
United States District Judge

6